## Case No. 7,753.

KIBBE v. DUNN.

[5 Biss. 233.] [1]

Circuit Court, W. D. Illinois. April, 1873. [2]

DECREE—PRESUMPTION—INTENDMENT — JURISDICTION.

1. If a decree of foreclosure shows that the
court was apprised of the existence of infant
heirs-at-law, and took measures to preserve their
rights, the legal presumptions in favor of the
validity of the decree are not limited by the
production of the bill in which the names of such
heirs are not given, but process is prayed against
them generally.

2. The rule of intendment in favor of titles derived under judicial proceedings is, that the court
will presume every act or thing to have been
done, necessary to confer jurisdiction, which
the record does not show was not done—particularly when the record produced shows that the
whole record and proceedings have not been preserved. This rule should be enforced in all its
liberality where parties have slept upon their
rights.

3. The grantee of the mortgagee in possession
must prevail in an action of ejectment brought
by the mortgagor after condition broken.

[This was an action of ejectment for the
recovery of a quarter section of land in Mercer county, Ill., brought by George A. Kibbe
against Amos Dunn. William M. O'Hara,
the owner of the fee of the tract in controversy, died intestate in 1821, leaving four
children. Three of them died intestate, and
Helen, the surviving daughter, inherited
their respective interests. She intermarried
in 1840 with Abram D. Harrel, who died in
1871. Said Abram and Helen, in 1868, con-

veyed the demanded premises to the plaintiff. The defendants claim by a chain of
title derived from the foreclosure of a mortgage of William M. O'Hara and wife by the
Pike county circuit court. It was contended by the plaintiff that the saving clause of
the statute of limitations, as to actions for
the recovery of lands, giving to a feme
covert three years after the termination of
her disability within which to bring suit,
allowed the grantee of the husband and
wife the same time.]

Wm. C. Goudy and R. K. Turner, for
plaintiff.

T. G. Frost and Geo. O. Ide, for defendant.

Jurisdiction is presumed in a court of general jurisdiction in the exercise of its general chancery powers, though the record
may not affirmatively show the facts necessary for jurisdiction. Kenney v. Greer, 13
Ill. 432–448; Ralston v. Hughes, Id. 469–477;
Pensoneau v. Heinrich, 54 Ill. 271; Harvey
v. Tyler, 2 Wall. [69 U. S.] 328–341. A judgment is not void because a defendant is
sued only by a part of his name. Hammond v. People, 32 Ill. 446–472. The loss of
files in a case does not affect the title of a
purchaser, if the decree recites jurisdiction.
The court will presume that proper papers
were filed. Miller v. Handy, 40 Ill. 448, 452;
Secrist v. Green, 3 Wall. [70 U. S.] 744–755;
Moore v. Neil, 39 Ill. 256–261. Independent
of the decree of foreclosure, the defendant
is entitled to judgment, as he held the paramount title. He occupies the position of
mortgagee in possession, and, as between
the mortgagor and mortgagee, the latter,
after condition broken, is entitled to prevail in an action of ejectment. The presumption of payment of the mortgage is
completely rebutted by the absence of the
mortgagor from the state, and the attempt
by public judicial proceedings to foreclose
the mortgage and to collect the mortgage
debt. Even were it otherwise, the result
must be the same. The remedy of the mortgagor would be by a bill in equity to redeem, not by an action of ejectment.

HOPKINS, District Judge, after relating
the facts and charging the jury as to the
main issues substantially the same as Blodgett, J., in the preceding case,—Kibbe v.
Thompson [Case No. 7,754],—and also to the
effect that, regardless of the decree offered
in evidence, the defendants as mortgagees
in possession were entitled to prevail, further instructed the jury as follows on the
only phase of the case different from that
one.

The record produced in the case of Kibbe
v. Thompson [supra], and other cases, tried
before Judge Blodgett, was imperfect. It
was apparent that it was not all preserved.
It did not show affirmatively that the heirs-at-law of the mortgagor were made parties;

---

[3] [Reported by Hon. William Cranch, Chief
Judge.]

[1] [Reported by Josiah H. Bissell, Esq., and
here reprinted by permission.]

[2] [Affirmed in 93 U. S. 674.]

but it did not show that they were not. The court, therefore, in order to support the decree, supplied by intendment several material and necessary facts which ought to have appeared in the record, and held that it lawfully might do so.

The main question to be considered and decided in this case is, does the production here of the bill materially change the case, or in any way affect the authority of the court to supply, by presumption, the omissions in the record, which the court in those cases did supply by presumption; for, if it does not, the decision in this case should conform to the decision in those.

In the record, as used in those cases, the heirs-at-law of the mortgagor were not named, but the court, from the title of the case in certain orders, and from the manner in which the parties were designated in the decree, presumed that they had properly been made parties in the case, and duly served with process, so as to be bound by the decree.

In this case the bill is given in evidence, and they are not named otherwise in it than in those orders. The parties named in the bill are Susan O'Hara and the children and heirs-at-law of William M. O'Hara, deceased, and process is prayed against them.

Does that limit the right of the court to presume that they were not subsequently made parties in a proper manner, as was done in the other cases? I do not think it does.

The right of the court to infer that those heirs were before that court in some proper manner, is greatly strengthened by the clause in the decree, showing that the court was advised of their infancy, and by the proper and apt words inserted in the decree, preserved their rights by giving them time for redemption after they arrived at majority. It conclusively appears, from such clause, that their interests were considered and their infancy established, and it would seem strange that all this was done and the court not apprised of their names.

I think in view of these facts, and the great length of time that had elapsed before asserting any right to the property, or denying that they were properly brought into that case as parties, this court is justified in presuming, in support of that decree, either that the bill was subsequently amended, and lost from the files, or that an order to amend was made and not preserved, or, that under the prayer, the court, before making an order of publication, ascertained their names, and had them properly inserted therein, and afterwards proceeded regularly in the case, as against them—as held in the other cases.

If their names were ascertained and inserted in the process or order of publication, without amending the bill, it would only be an irregularity, and not affect the jurisdiction of the court.

So I do not see that the bill has materially changed the case, or has affected the right of the court to indulge in this case the same presumption as it did in the former cases.

The rule deducible from the cases, on the question of intendment and presumption in favor of titles derived under judicial proceedings, is, as I understand it, that the court will presume every act and thing to have been done, necessary to give jurisdiction and authority to the court pronouncing the judgment or decree, which the record does not show was not done,—particularly, when the record produced shows that all of the record and proceedings have not been preserved.

And the application of that rule in all its liberality, in cases like this, where the parties have slept upon their rights for over half a century, should be enforced. Courts should, if possible, under the rules of law, sustain titles derived in that way, and prevent speculators from interfering to disturb peaceable and quiet possession resulting from occupations under such titles.

I therefore decide that the decree in the Pike county circuit court, given in evidence, and the sale under it, extinguished the right of the defendants thereto—the heirs-at-law of William M. O'Hara, under whom the plaintiff in this case claims.

Verdict for defendant.

[NOTE. Mr. Justice Davis, who delivered the opinion of the supreme court upon the writ of error awarded in this case, considered the case from the standpoint of the operation of the act of the legislature of Illinois—Laws 1861, p. 143 (concerning the separate estate of married women)—upon the Illinois statute of limitations, which reserves the right to a feme covert to commence action for the recovery of land until three years after the termination of her disability. The learned justice held that a woman who marries after the passing of this act is not within the saving clause of the statute of limitations, and upon this ground the judgment of the circuit court was affirmed; and remarked that "the jurisdiction of the Pike circuit court, the validity of its decree, and the charge of the court below upon these and other matters involved, have been argued at great length and with marked ability. We do not consider it necessary to express any opinion upon them." Kibbe v. Ditto, 93 U. S. 674.]